```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
RAFAEL NERIS-MARIA,                        :
                                           :
                Petitioner,                :          09 Civ. 625 (PAC) (THK)
                                           :
        - against -                        :          ORDER ADOPTING R&R
                                           :
ANDREA QUARANTILLO,                        :
                                           :
                Respondent.                :
--------------------------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 6, 2011_____

HONORABLE PAUL A. CROTTY, United States District Judge:

*Pro se* Petitioner Rafael Neris-Maria ("Petitioner") brings this action seeking (1) a writ of habeas corpus releasing him from detention, and (2) the grant of his application for naturalization. Petitioner filed the instant petition while in the custody of the Bureau of Immigration and Customs Enforcement ("ICE") at the Monmouth County Correctional Facility in Freehold, New Jersey. ICE has since released him and removed him to the Dominican Republic, his country of origin. On December 16, 2009, Magistrate Judge Katz issued his Report & Recommendation ("R&R"), recommending that both the petition for habeas relief and the application for naturalization be denied and the action dismissed with prejudice. Having reviewed Magistrate Judge Katz's R&R, the Court adopts the Report and Recommendation in its entirety. Accordingly, Petitioner's habeas petition and application for naturalization are DENIED.

## **BACKGROUND**[1]

Petitioner is a native of the Dominican Republic. He was admitted into the United States as a Lawful Permanent Resident on February 14, 1981. In the mid-1980s, he was arrested twice for drug-related offenses and pled guilty to Criminal Sale of a Controlled Substance and Criminal

---
[1] Unless otherwise indicated, the facts are taken from the R&R.

Possession of a Controlled Substance.  In 1998, the Immigration and Naturalization Service ("INS") denied Petitioner admission to the United States following a trip abroad and placed him in removal proceedings.  The INS charged Petitioner with being an arriving alien who was inadmissible to the United States due to his prior criminal convictions.  On December 3, 2008, after a series of administrative and judicial proceedings, ICE issued a warrant authorizing Petitioner's removal from the United States. On December 12, 2008, he was taken into custody and detained at the Monmouth County Correctional Facility in Freehold, New Jersey.  Petitioner filed the instant petition while in detention.  Petitioner also filed an application for naturalization, which the United States Citizenship and Immigration Services ("USCIS") denied on December 12, 2008.  On January 5, 2009, ICE removed Petitioner to the Dominican Republic.

Petitioner filed the instant petition on December 15, 2008.  On February 3, 2009, the Court referred the matter to Magistrate Judge Katz.  Magistrate Judge Katz issued his Report & Recommendation ("R&R") on December 16, 2009, recommending that both the petition for habeas relief and the application for naturalization be denied with prejudice.  No objections were filed.

## DISCUSSION

In reviewing a report and recommendation, a Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y.1985) (citations omitted).

Magistrate Judge Katz concluded that Petitioner's habeas challenge is moot. (R&R 9.) Under Article III, Section 2 of the United States Constitution, an action must present a live "case or controversy" in order to be reviewable by a federal court.  See Spencer v. Kemna, 523 U.S. 1, 7 (1998).  Where, as here, a petitioner challenges his detention but is subsequently released, the

petitioner must demonstrate that the Court can redress a "concrete and continuing injury" that is a "collateral consequence" of the detention. See id. at 7. Here, Petitioner seeks no relief other than release from custody, and does not allege any continuing injury. As a result, Magistrate Judge Katz found that Petitioner's claim is moot. (R&R 9.)

Magistrate Judge Katz also concluded that this Court lacks jurisdiction to review the USCIS's denial of Petitioner's naturalization application. (R&R 11.) 8 U.S.C. § 1421(a) grants the Attorney General (or acting agency) "sole authority to naturalize persons as citizens of the United States." Federal courts have jurisdiction to review the Attorney General's decisions in only three instances: (1) under § 1447(b), an applicant can seek a hearing in a district court if a naturalization application is not acted upon within 120 days of the naturalization examination; (2) under § 1421(c), an applicant can seek a *de novo* review in a district court after exhausting all available administrative remedies; and (3) under § 1361, an applicant can seek mandamus relief in the event the Attorney General "fail[ed] to perform a clear, nondiscretionary duty." See Escaler v. USCIS, 582 F.3d 288, 290-91 (2d Cir. 2009).

Magistrate Judge Katz noted that none of these sections confers upon this Court jurisdiction to review the denial of Petitioner's naturalization application. (R&R 11.) Specifically, there was no undue delay between petitioner's naturalization interview and the USCIS's issuance of a decision on the application; Petitioner did not exhaust the administrative process, as he had not requested a hearing before an immigration officer as required by § 1421(c); and lastly, the Attorney General in this instance had a nondiscretionary duty not to naturalize Petitioner, who was the subject of pending removal proceedings, see 8 U.S.C. § 1429, and Petitioner is thus ineligible for mandamus relief. (R&R 11-12.)

As Magistrate Judge Katz did not commit clear error, the Court adopts the Report and Recommendation in its entirety. Petitioner's habeas petition and application for naturalization are,

therefore, DENIED. The Clerk of Court is directed to enter judgment and close this case. Pursuant to 28 U.S.C § 1915(a), I find that any appeal from this order would not be taken in good faith.

Dated: New York, New York
April 6, 2011

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copies Mailed To:

Rafael Neris-Maria
50-14 101st Street
Second Floor
Corona, NY 11368

Sue Chen
Assistant United States Attorney
86 Chambers Street
New York, NY 10007